UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIEGO OSPINA,

      **Plaintiff,**

vs.                                  Case No. 8:13-cv-1608-T-27TBM

BALBOA INSURANCE COMPANY,

      **Defendant,**
_____/

## ORDER

**BEFORE THE COURT** is Defendant, Balboa Insurance Company's, Motion to Dismiss Plaintiff's Complaint With Incorporated Memorandum of Law (Dkt. 10). Plaintiff has responded (Dkt. 12), and Defendant has replied (Dkt. 16). Upon consideration, Defendant's Motion is DENIED.

### BACKROUND

Plaintiff Diego Ospina (" brings this third-party beneficiary breach of contract action against Defendant Balboa Insurance Company ("Balboa") arising out of Balboa's denial of coverage of Ospina's insurance claim for sinkhole activity related damage to his property. (Dkt. 1.) Ospina is the owner of the property located at 26837 Roseanne Place, Lutz, Florida 33559 ("the property"), insured by Balboa. (*Id.* at ¶¶ 3, 4.) Balboa issued an insurance policy to Ospina's lender/mortgagee, Countrywide Home Loans, Inc. ("Countrywide") as the "Named Insured" covering the property for sinkhole activity. (*Id.* at ¶ 4; Dkt. 10-1 at 2.) Ospina is listed as the "Borrower" on the policy. (Dkt. 10-1 at 2.) Countrywide charges Ospina for the insurance premiums. (Dkt. 1 at ¶ 4.) During the policy period, the structure on the property was damaged by sinkhole activity, including cracking of

the walls, floors, and other portions of the premises. (Dkt. 1 at ¶ 5.) Ospina notified Balboa and Countrywide of the loss, provided Balboa with the details of the loss, allowed Balboa to study, inspect, and survey the property, and demanded that the property be repaired and restored to its pre-loss condition under the policy. (*Id.* at ¶ 6.) Balboa refused to have Ospina's property repaired or adjust the loss with Balboa, and has excluded him from the adjustment process. (*Id.* at ¶ 8.) Countrywide has refused to pursue an insurance claim with Balboa for the loss to the property. (*Id.* at ¶ 7.)

Ospina alleges that the property damages is covered by the policy, and that Balboa breached the policy by refusing to repair the damage or adjust the loss with Ospina or otherwise involve him in the adjustment process. (*Id.* at ¶ 9.) Ospina seeks damages recoverable under the policy and consequential damages flowing from Balboa's breach. (*Id.* at ¶ 11.) In addition, Ospina claims entitlement to attorney's fees under Florida Statute section 627.428. (*Id.* at ¶ 12.)

Balboa moves to dismiss Ospina's claim under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Balboa argues that Ospina (1) fails to state a claim for third-party beneficiary breach of contract; (2) lacks standing to assert his breach of contract claim because he is not a named insured, additional insured, or third-party beneficiary of the subject policy; and (3) cannot recover attorney's fees as a third-party beneficiary.

## STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be based on facial or factual grounds. *See Morrison v. Amway, Corp.*, 323 F.3d 920, 924 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the

allegations as true in deciding whether to grant the motion." *Id.* "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings," in which case the court "may consider extrinsic evidence such as testimony and affidavits." *Id.*

A motion to dismiss for failure to state a claim under Rule 12(b)(6), requires the Court to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citation omitted). The claimant is not required to set out in detail the facts upon which he bases his claim. However, the plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## DISCUSSION

### A. *Ospina has third-party standing*

As Balboa acknowledges (Dkt. 10 at 11), courts in the Middle District of Florida have addressed Balboa's standing argument numerous times, holding that a borrower, who is a property

3

owner with an "insurable interest" under Florida Statute section 627.405, is a third-party beneficiary with standing to bring a claim for breach of the insurance policy. *See McKinney v. Balboa Ins. Co.*, 8:13-cv-1118-T-24, 2013 WL 4495185 (M.D. Fla. Aug. 19, 2013); *Conyers v. Balboa Ins. Co.*, 8:12-cv-30-T-33EAJ, 2013 WL 1233891 (M.D. Fla. Mar. 26, 2013) (Covington, J.); *Mitchell v. Balboa Ins. Co.*, 8:11-cv-2580-T-EAK-TGW, 2012 WL 2358563 (M.D. Fla. June 20, 2012) (Kovachevich, J.); *Kelly v. Balboa Ins. Co.*, 8:11-cv-450-T-35MAP, 2012 WL 4761905 (M.D. Fla. May 29, 2012) (Scriven, J.); *Fawkes v. Balboa Ins. Co.*, 8:10-cv-2844-T-30TGW, 2012 WL 527168 (M.D.Fla. Feb.17, 2012), *reconsideration denied*, 2012 WL 899386 (M.D. Fla. Mar.16, 2012) (Moody, J.) (*Fawkes II*); *Baltazar v. Balboa Ins. Co.*, 8:10-cv-2932-T-33MAP, 2011 WL 2217332 (M.D. Fla. June 7, 2011) (Covington, J.); *Fawkes v. Balboa Ins. Co.*, 8:10-cv-2844-T-30TGW, 2011 WL 557322 (M.D. Fla. Feb.11, 2011) (Moody, J.) (*Fawkes I*). Balboa contends that those cases have incorrectly interpreted Florida case law and adopted a "per se rule that a party's insurable interest in property confers automatic third-party beneficiary standing to enforce a policy of property insurance." (Dkt. 16 at 3.)

Here, it is not necessary to determine whether there is a "**per se rule** under Florida law that a party with an insurable interest is **automatically** vested with standing to enforce a policy of property insurance." (*See* Dkt. 16 at 3-4 (emphasis added).) Nor is it necessary to determine whether these Middle District decisions adopt such a rule. In this case, Ospina's allegation that he has an insurable interest in the property is coupled with the policy's requirement that Balboa pay any residual amount of loss beyond Countrywide's insurable interest to Ospina, the Borrower (*see* Dkt. 32-1 at 18 ¶ 13). *See Fawkes I*, 2011 WL 557322, at *2. Ospina's insurable interest, as the Borrower, is expressly contemplated in the policy and manifests an intent to benefit him.

4

Ospina alleges that he was the property owner at the time of the alleged loss; thus, he has an economic interest in the safety and preservation of the property. *See Schlehber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So. 2d 373, 375 (Fla. 3d DCA 1973) ("[T]he term insurable interest is defined as an 'economic interest in the safety or preservation of the subject' at the time of the loss.") Therefore, although Ospina is not a Named Insured, he has an insurable interest under Florida Statute section 627.405. *See id.; see also Spindler v. Kushner*, 284 So. 2d 481, 483 (Fla. 3d DCA 1973); *Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So. 2d 991, 994 (Fla. 4th DCA 1980). In addition, the policy designates Ospina as a "loss payee" entitled to receive benefits under the policy, manifesting an intent to confer a benefit him. *See Fawkes I*, 2011 WL 557322, at *2; *McKinney*, 2013 WL 4495185, at *5. Therefore, Ospina has standing to bring a third-party breach of contract action under the policy.

### B. *Ospina sufficiently alleges a third-party breach of contract claim*

Balboa contends that Ospina has failed to sufficiently allege the elements for a third-party breach of contract claim. To state a third-party breach of contract cause of action, Ospina must allege (1) the existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach. *Foundation Health v. Westside EKG Assoc.*, 944 So. 2d 188, 194-95 (Fla. 2006) (quotation omitted).

Ospina is named as the Borrower on the policy.[1] (Dkt. 32-1 at 2.) The policy requires

---

[1] Although Ospina does not attach the policy to the Complaint (because he did not have a copy at the time (Dkt. 1 at ¶ 4)), Balboa attaches it to the Motion to Dismiss. (See Dkt. 32-1.) On a motion to dismiss, a court may consider a document outside the four corners of the complaint if it is central to the plaintiff's claim, its contents are alleged in the complaint, and no party questions the contents. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). As each of these requirements is met, the policy may be considered.

Balboa to pay the Borrower, Ospina, "any residual amount due for the LOSS," as a loss payee, when the amount of loss exceeds Balboa's insurable interest. (*Id.* at 18 ¶13.) As such, the policy manifests an intent of the contracting parties to benefit Ospina and he is entitled to pursue a claim for breach of the policy. *See Fawkes I*, 2011 WL 557322, at *2; *McKinney*, 2013 WL 4495185, at *5.

### C. *Ospina's claim for attorney's fees*

Balboa urges that Ospina's claim for attorney's fees must be dismissed because he is proceeding as a third-party beneficiary; as such he is not entitled to attorney's fees under Florida Statutes section 627.428. Ospina argues that the issue is not yet ripe for determination. The Court declines to decide this issue at this stage of the action. Balboa's Motion to Dismiss Ospina's claim for attorney's fees is **DENIED without prejudice**.

Accordingly, it is hereby

**ORDERED:**

Defendant, Balboa Insurance Company's, Motion to Dismiss Plaintiff's Complaint (Dkt. 10) is **DENIED**. Defendant shall answer the Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** this 30th day of October, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record